# APPENDIX 3

*Washington Protection & Advocacy
System, Inc. v. Evergreen Sch. Dist.*,
Case No. C03-5062 FDB
United States District Court
for the Western District of Washington
*Aff'd* 71 Fed. Appx. 654 (9th Cir. 2003)

ENTERED
ON DOCKET

APR 14 2003

BY DEPUTY

FILED — LODGED
RECEIVED

APR 1 1 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASHINGTON PROTECTION AND
ADVOCACY SYSTEM, INC , a Washington
non-profit corporation,

Plaintiff,

v

EVERGREEN SCHOOL DISTRICT and
RICHARD MELCHING, in his official
capacity as the Superintendent for the
Evergreen School District,

Defendants

Case No C03-5062 FDB

ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Plaintiff Washington Protection and Advocacy System, Inc ("WPAS") seeks a preliminary injunction to obtain the names of all students with disabilities participating in the Evergreen School District's ("the District") Work Experience Program ("WEP" or "Program") and contact information for their parents and/or guardians. The District and Richard Melching, Superintendent for the District, refuse to release the requested information and oppose WPAS's Motion for Preliminary Injunction now before the Court  The Court has carefully reviewed the pleadings and documents filed in this matter and finds that WPAS's Motion for Preliminary Injunction should be **DENIED**

ORDER - 1

CV 03-05062 -00000025

25

## BACKGROUND

This case was prompted by complaints WPAS received from Mr Finders, a parent of a student with disabilities enrolled in the District WPAS is a protection and advocacy system ("P&A system") designated by the Governor of the State of Washington under RCW 71A 10 080 to implement a program for the protection and advocacy of the rights of persons with developmental disabilities pursuant to the Developmentally Disabled Assistance and Bill of Rights ("DD") Act, 42 U S C § 15041 et seq, the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U S C § 10801, et seq, the Protection and Advocacy for Individuals with Traumatic Brain Injury ("PATBI") Act, the Protection and Advocacy for Individual Rights ("PAIR") Act (hereinafter "the P&A Acts")

Mr Finders complained that his child along with other students with disabilities at Heritage High School ("Heritage") were required by the District to collect garbage and recycling, as well as lunchroom tables and chairs after school lunches as part of the school's WEP [1] In addition, N F, Mr Finder's child, reported that a Heritage teacher required students with disabilities to collect recyclable trash on a daily basis and cash in the recycling at a local store  The teacher allegedly saved and used the collected funds for field trips

Acting on these complaints, WPAS sent Heritage's Special Service Department a probable cause letter on December 6, 2002 requesting right of access to names, addresses, and phone numbers of all students and their parents or guardians who participate in both the special education program and the WEP  WPAS specifically stated in its December 6, 2002, letter that its probable cause authority ("P&A authority") allows P&A's to investigate incidents of *abuse and neglect* of individuals with disabilities if the incidents are reported to the system and there is probable cause to

---

[1] The record reveals that approximately 125 high school students in the District participate in the WEP  WEP participants qualify for "individualized educational programs" under the IDEA and receive academic credit for their participation  Participation in the WEP is voluntary and requires parental permission

ORDER - 2

1 believe that the incidents occurred *See* Decl of Tara Herival, Exh 3A

2 The District, through its attorney, denied WPAS request claiming that WPAS lacked the authority to obtain the information without parental consent The District maintains this position here and argues that release of the requested information would violate Family Educational Rights and Privacy Act ("FERPA"), 20 U S C § 1232g *et seq* and the Individuals with Disabilities Education Act ("IDEA"), 20 U S C §§ 1400 *et seq* The District further argues that the WPAS does not have probable cause to believe that students in the District are being abused and neglected

WPAS argues in its memoranda supporting its Motion for Preliminary Injunction that it has a statutory right of access under the aforementioned P&A Acts WPAS does not agree that FERPA and the IDEA trump its P&A authority WPAS also argues that Mr Finder's complaint is sufficient to establish probable cause that disabled students in the District are being abused and neglected and that the District is violating its constitutionally protected rights to freedom of speech and association under the First Amendment to the United States Constitution

Resolution of this matter requires a determination as to whether WPAS has met the standard for a preliminary injunction

## STANDARD FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction, WPAS bears the burden of showing either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) serious questions as to these matters and the balance of hardships tips sharply in its favor *Stuhlbarg v Int'l Sales Co Inc v John D Brush & Co*, 240 F 3d 832, 839-840 (9th Cir. 2001) These two tests represent "a continuum of equitable discretion whereby the greater the relative hardship to the moving party, the less probability of success must be shown " *See Regents of Univ of Calif v ABC, Inc*, 747 F 2d 511, 515 (9th Cir 1984)

Injunctions are classified as either "mandatory" (those commanding performance of acts on the part of defendants) or "prohibitory" (those prohibiting acts on the part of defendants). *See*

ORDER - 3

1  *Meghrig v KFC Western, Inc*, 516 U S 479, 484-485 (1996)  Although the factors for
2  consideration of mandatory and prohibitory injunctions are the same, mandatory injunctions are
3  subject to a higher scrutiny  *See Dahl v HEM Pharmaceuticals Corp*, 7 F 3d 1399, 1403 (9th Cir
4  1993)

5  Mandatory preliminary injunctions go "well beyond simply maintaining the status quo" and
6  are particularly disfavored  *See Stanley v University of Southern California*, 13 F 3d 1313, 1320
7  (9th Cir. 1994)  As such, mandatory preliminary relief should be denied unless the facts and law
8  clearly favor the moving party  *Id*

9  Because WPAS seeks to require the District to go beyond the status quo and release
10 otherwise private information, the Court construes WPAS's request for preliminary relief as a
11 motion for mandatory preliminary injunction  Thus, the Court, applying the heightened standard,
12 will only issue WPAS's requested injunction if the law and the facts weigh heavily in WPAS's
13 favor

## DISCUSSION

### 1. Likelihood of Success On the Merits

16 The primary issue before the Court is whether WPAS has sufficiently demonstrated a
17 likelihood of success on the merits  To establish a likelihood of success here, WPAS must show
18 that the facts and the law clearly support access to the District's records  A careful review of the
19 record reveals that WPAS has not satisfied its burden for purposes of this motion

20 First, the Court is not sufficiently satisfied that the P&A Acts override the FERPA and
21 IDEA  *Michigan P & A Serv, Inc v Miller*, 849 F. Supp 1202 (W D Mich 1994), the only case
22 cited by WPAS for this proposition, is not persuasive  The *Michigan P & A Serv* court, faced with
23 a motion for summary judgment, addressed whether the P&A service was being denied reasonable
24 access to *individuals  See Id* at 1205  The court did not address the issue we face here  whether the
25 P&A service had the authority to gain access to parent/guardian contact information for previously
26 ORDER - 4

unidentified students with disabilities participating in a WEP In the absence of persuasive authority on this particular issue, the Court is not inclined to disrupt the status quo and grant WPAS's request The District's citation to Developmental Disabilities Program, 61 Fed Reg 51,147 (1996) (codified at 45 C F R 1385) supports this conclusion

Moreover, the Court does not agree that the two bodies of law can be "harmonized" as the type of information sought cannot properly be characterized as "directory information." Directory information, a term WPAS concedes is defined only under FERPA, clearly does not include contact information for parents/guardians or information sufficient to establish which students are participating in the WEP See 20 U S C § 1232g(a)(5)(A)

Second, even if the Court could find that the P&A Acts give WPAS the authority to access the requested information, WPAS still must establish a likelihood of success on its argument that it has probable cause to believe that the District is abusing and neglecting N F and other students with disabilities participating in the WEP

Under the DD Act, P&A systems have the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that such individual has been subject to abuse or neglect 42 U S C 15043(B) Probable cause under the DD and PAIMI Acts is "a reasonable belief that an individual with mental illness has been, or may be at significant risk or being subject to abuse or neglect" 42 C F R § 51 2, 42 C F R § 1386.19

Having reviewed the facts of this case carefully, the Court does not find that the allegations are sufficient to establish probable cause that N F has suffered abuse and neglect Even assuming WPAS's allegations to be true, the Court simply finds that collecting and recycling garbage does not present a serious risk or potential for injury as contemplated by the P&A Acts Furthermore, WPAS's argument that it is the "sole and final arbiter of whether probable cause exists" is

ORDER - 5

unpersuasive Plaintiff's Motion for Preliminary Injunction at 11 WPAS cites no case law establishing that its probable cause determinations cannot be reviewed by this Court

WPAS further argues that the allegations here are sufficient to require the District to release contact information for *all* disabled student participating in the WEP in the District Probable cause for generalized access to records has been established in a handful of cases For instance, in *Iowa Protection and Advocacy Services v Gerard Treatment Programs*, 152 F Supp 2d 1150 (N D Iowa 2001) the court permitted the Protection and Advocacy organization to access patients records at a psychiatric medical institution after a patient died from the misuse of restraints The *Girard* court found that broad access was necessary to determine whether patient abuse and neglect was occurring in the institution

The facts of this case are not so compelling The Court has already established that there is an insufficient showing of abuse and neglect to grant WPAS access to N F 's records Even if this Court was satisfied that there is probable cause that N F. is suffered abuse and neglect, the evidence is insufficient to establish that *all* disabled students in the District are required to participate in the activities complained of Complaints from one parent at one school in the District are insufficient to establish probable cause to believe that disabled students throughout the District are being abused and neglected As such, the Court is not inclined to grant WPAS "broad access" to the requested records.

Finally, the Court is not satisfied that a likelihood of success has been established on WPAS's First Amendment claim Again, the cases cited by WPAS concern access to individuals, not school records identifying students with disabilities participating in the WEP Thus, a preliminary injunction will not be issued for this reason

**2.    Irreparable Injury**

WPAS argues that the students with disabilities in the District will suffer irreparable harm if

ORDER - 6

1  preliminary relief is not granted  For support, WPAS relies on *Cheema v Thompson*, 67 F 3d 883,
2  885 (9th Cir 1995), *overruled on other grounds by City of Boerne v Flores*, 521 U S 507 (1997)
3  The Court, however, is not persuaded by *Cheema*

4  *Cheema* is a school safety case that concerns the interests of three Sikh students whose
5  religious beliefs required them to carry ceremonial knives at all times  *See Id*  The students sought
6  a preliminary injunction against the enforcement of a school weapons ban  *See Id*  Besides being
7  factually dissimilar, *Cheema* stands for the proposition that denial of an educational opportunity
8  amounts to irreparable injury  The issue here is not whether the students with disabilities
9  participating in the WEP will suffer irreparable injury but whether WPAS will suffer irreparable
10 injury by the District's actions

11 The District argues that irreparable injury cannot be established because the WPAS, Mr
12 Finders, and any other parent of special education students at Heritage have available an adequate
13 legal remedy, other than injunctive relief, under the IDEA and Title II of the Americans with
14 Disabilities ("ADA") Act, 42 U S C §§ 12141 *et seq*  The District points out that remedies under
15 these statutes would preserve privacy interests in educational records  While these remedies are
16 available to Mr Finders, and other similarly situated parents, the Court is not persuaded that they
17 are available to the WPAS  Nonetheless, WPAS has failed to establish, for purposes of this motion,
   that it will be irreparably injured if its request is not granted

18 Furthermore, the Court recognizes that the deprivation of First Amendment freedoms, for
19 even minimal periods of time, can constitute irreparable injury for preliminary injunction purposes
20 *See Elrode v Burns*, 427 U S 347, (1976)  However, given the tenuous nature of WPAS's First
21 Amendment claim, the Court is unwilling to disrupt the status quo and order the District to release
22 the contact information

23 **3.   Balance of Hardships**
24
25 When examining the balance of hardships, the Court must weigh carefully the relative
26 ORDER - 7

1  hardships to the parties The greater the relative hardship to the moving party, the less strong need
2  be the showing of probable success that is required *Beltran v Myers*, 677 F 2d 1317, 1320 (9th Cir
3  1982) The Court is not convinced that the equities tip sharply in WPAS's favor Rather, the Court
4  finds that the balance of interests favors preservation of the status quo and the right to privacy in
5  educational records

### CONCLUSION

WPAS has failed to show that the facts and the law weigh so heavily in its favor that disruption of the status quo and of issuance of a mandatory preliminary injunction is warranted Having failed to meet its burden, the Court has no choice but to deny WPAS's request for a preliminary injunction requiring the District to release the names of all students with disabilities participating in the District's WEP and contact information for their parents and/or guardians

ACCORDINGLY

IT IS SO ORDERED

(1) Plaintiff's Motion for a Preliminary Injunction (Dkt #2) is **DENIED**, and

(2) The Clerk of the Court is directed to send copies of this Order to counsel for Plaintiff and Defendants

DATED this __/ /__ day of April, 2003

FRANKLIN D BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8

                                                          car
                    United States District Court
                              for the
                    Western District of Washington
                         April 14, 2003


               * * MAILING CERTIFICATE OF CLERK * *


Re:  3:03-cv-05062


True and correct copies of the attached were mailed by the clerk to the following

    Tara J Herivel, Esq.
    WASHINGTON PROTECTION & ADVOCACY SYSTEM
    STE 102
    180 W DAYTON
    EDMONDS, WA  98020

    David B Girard, Esq.
    WASHINGTON PROTECTION & ADVOCACY SYSTEM
    STE 102
    180 W DAYTON
    EDMONDS, WA  98020
    FAX 425-776-0601

    Lawrence B Ransom, Esq.
    KARR TUTTLE CAMPBELL
    STE 2900
    1201 THIRD AVE
    SEATTLE, WA  98101-3028
    FAX 682-7100

    Tracy M Miller, Esq
    KARR TUTTLE CAMPBELL
    STE 2900
    1201 THIRD AVE
    SEATTLE, WA  98101-3028
    FAX 682-7100

    Judge Burgess



71 Fed.Appx. 654

Page 1

71 Fed.Appx. 654, 2003 WL 21751827 (9th Cir.(Wash.))

**(Cite as: 71 Fed.Appx. 654, 2003 WL 21751827 (9th Cir.(Wash.)))**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,
Ninth Circuit.
WASHINGTON PROTECTION, et al.,
Plaintiff--Appellant,
v.
EVERGREEN SCHOOL DISTRICT; et al.,
Defendants--Appellees.
**No. 03-35368.**
**D.C. No. CV-03-05062-FDB.**

Submitted July 21, 2003. [FN*]

FN* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Decided July 24, 2003.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM [FN**]

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**\*\*1** This preliminary injunction appeal comes to us for review under Ninth Circuit Rule 3-3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We subject a district court's order regarding preliminary injunctive relief only to limited review. *Walczak v. EPL Prolong, Inc.,* 198 F.3d 725, 730 (9th Cir.1999). Our review of an order regarding a preliminary injunction "is much more limited than review of an order involving a permanent injunction, where all conclusions of law are freely reviewable." *Id.* A decision regarding a preliminary injunction is reviewed for abuse of discretion, which occurs only if the district court based its **\*655** decision on either an erroneous legal standard or clearly erroneous factual findings. *Id.*

We cannot say that the district court abused its discretion here. We therefore affirm the district court's order denying the preliminary injunction. Our disposition will affect the rights of the parties only until the district court renders final judgment. *Sports Form, Inc. v. United Press International,* 686 F.2d 750, 752 (9th Cir.1982).

**AFFIRMED.**

71 Fed.Appx. 654, 2003 WL 21751827 (9th Cir.(Wash.))

**Briefs and Other Related Documents (Back to top)**

• 2003 WL 22020136 (Appellate Brief) Reply Brief of Plaintiff/Appellant (Jul. 02, 2003)Original Image of this Document with Appendix (PDF)

• 03-35368 (Docket)
(Apr. 30, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.