IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNIFIED SCHOOL DISTRICT NO. 259,

      Plaintiff,

      vs.                       Case No. 04-1279-JTM

KANSAS ADVOCACY & PROTECTIVE
SERVICES, INC.,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' cross-motions for summary judgment (Dkt. Nos. 14, 16).  The court also permitted the Kansas Association of School Boards to file a brief of amicus curiae (Dkt. No. 31).  After reviewing the arguments, the court dismisses this case as moot.

## I. PROCEDURAL HISTORY

On August 24, 2004, plaintiff Unified School District No. 259 (hereafter "USD 259") filed a declaratory judgment action pursuant to 28 U.S.C. § 220 against defendant Kansas Advocacy & Protective Services, Inc. (hereafter "KAPS"), a non profit-corporation that advocates for the rights of the disabled.  KAPS is now known as the Disability Rights Center of Kansas.  The court reiterates the facts as outlined in the complaint.

On May 20, 2004, KAPS submitted a letter to USD 259 seeking student information pursuant to the Developmental Disabilities Assistance and Bill of Rights Act (hereafter "DDA"),

42 U.S.C. §§ 15041-15045, the Protection and Advocacy for Individuals with Mental Illness Act (hereafter "PAIMI"), 42 U.S.C. §§ 10801, et seq., and the Protection and Advocacy of Individual Rights Act (hereafter "PAIR"), 29 U.S.C. § 794e. In its letter, KAPS asserted that these statutes are applicable to public schools and demanded a response within three days.

On May 25, 2004, USD 259 provided the aggregate information requested but refused to provide information relating to specific students on the basis that USD 259 could not provide the information pursuant to the Family Educational Rights and Privacy Act (hereafter "FERPA"), 20 U.S.C. § 1232g

On June 17, 2004, KAPS submitted another request for very detailed information on the twenty-two special education students who received more than ninety days of homebound services.  KAPS contends that the information can be provided as long as the student's name is not given.  USD 259 contends that all of the information requested is personally identifiable information as defined by FERPA and when taken together, could be used to identify the student. Therefore, USD 259 did not provide the requested information to KAPS.  Further, USD 259 asserts that the information being sought by KAPS relates to students identified as special education students, their disabilities, and the special education services they receive, which is protected by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1417(c).  If USD 259 improperly discloses confidential student information to KAPS, one possible penalty is the loss of all USD 259's federal funding, which for the 2003-2004 school year totaled $57,465,725.

Because the parties disagree as to the interpretation of the confidentiality provision in FERPA and IDEA and the applicability of DD Act, PAIMI and PAIR, USD 259 filed this

declaratory judgment action.  The plaintiff requests the court's interpretation of whether the

evoked statutes apply to public schools and whether USD 259 should release the information

KAPS requested.

Following the filing of the cross-motions for summary judgment, defendant filed a

"Reply and Notice of Withdrawal of Request," stating that KAPS withdrew its request for

homebound students' records and guardian information. Defendant takes the position that

withdrawal moots the issue of "whether plaintiff is entitled to declaratory judgment that USD

259 does not have to provide the information requested regarding homebound student." At the

same time, defendant argues that the following issues are not moot: 1) whether DDA, PAIMI and

PAIR are applicable to public schools; and 2) whether FERPA and IDEA prohibit the release of

the information requested by KAPS.  After defendant's filing, plaintiff filed a surreply urging the

court to ignore defendant's "reply" and contradictory position that the request for information

could be withdrawn without mooting the two broader policy issues.

## II. ANALYSIS

"Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100

F.3d 863, 867 (10th Cir.1996).  Federal courts may adjudicate only actual controversies. Lewis

v. Cont'l Bank Corp., 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). "A federal

court has no power to give opinions upon moot questions or declare principles of law which

cannot affect the matter in issue in the case before it." S. Utah Wilderness Alliance v. Smith, 110

F.3d 724, 727 (10th Cir.1997).  An abstract, conjectural, or hypothetical injury is not enough to

support jurisdiction. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d

675 (1983).

As a general rule, the voluntary cessation of objectionable conduct does not necessarily render a case moot. ARW Exploration Corp. v. Aguirre, 947 F.2d 450 (10th 1991). Instead, voluntary cessation moots a case if the defendant can satisfy the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953) (citation omitted). "A claim is moot when no reasonable expectation exists that the alleged violation will recur and interim relief of events have eliminated the effects of the alleged violation." Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir. 1992). The party contending a case is moot has a heavy burden of demonstrating that there is no reasonable expectation that the conduct will be repeated. ARW Exploration Corp. v. Aguirre, 947 F.2d 450 (10th Cir. 1991).

Defendant takes an untenable position. Defendant filed a notice of withdrawal of its request for information from plaintiff and then maintains that the court may still rule on the "broader" issues in this declaratory judgment action. Both assertions cannot be true. Any federal judicial ruling must have an actual controversy that provides the factual underpinning. Based on the July 19, 2005 letter from KAPS to plaintiff's counsel, the case of the student whose complaint spawned KAPS' original request has been "fully and finally resolved and the due process has been dismissed with prejudice." The court understands this to mean that there is no remaining complaint against the school district about services provided to the disabled student. Under these circumstances, defendant appears to no longer have probable cause to request information. Defendant's notice of withdrawal effectively deprives the court of the factual basis for issuing an order. Thus, any substantive ruling would be considered advisory.

The court acknowledges that defendant's change of position places plaintiff in an awkward position. After plaintiff expended considerable resources in briefing this case, defendant withdrew the factual basis for this action while assuming that this court may answer the remaining legal questions. As the court views the matter, the resolution of the underlying case leaves no viable legal issue for this court to consider. There is no longer probable cause for KAPS to proceed with its request for information. Whether another complaint would provide defendant probable cause to begin a new request for information would be pure speculation on the part of the court. Under these circumstances, the court dismisses this action as moot. While the court cannot alleviate any unfairness to plaintiff, the court notes that this action is dismissed without prejudice.

IT IS ACCORDINGLY ORDERED this 11th day of January, 2006, that the court denies the cross motions for summary judgment (Dkt. Nos. 14, 16) and dismisses this action as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE